UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY THOMAS SANDERS,

        Petitioner,

                                         CASE NO. 2:11-CV-15292

v.                               JUDGE PAUL D. BORMAN

                                     MAGISTRATE JUDGE PAUL J. KOMIVES

CARMEN PALMER,

        Respondent.

_____/

# REPORT AND RECOMMENDATION

*Table of Contents*

I.      RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.     REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
      A.    *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
      B.    *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      C.    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      D.    *Validity of Plea (Claim I)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
      E.    *Sentencing (Claim III)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
      F.    *Ineffective Assistance of Counsel (Claims II & IV)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
            1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
            2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
                 a.  Advice to Enter Plea . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
                 b.  Failure to Challenge Presentence Report . . . . . . . . . . . . . . . . . . . . . . . . 19
      G.    *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . 19
            1.    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
            2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
      H.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
III.    NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

\*      \*      \*      \*      \*

I.      **RECOMMENDATION**: The Court should deny petitioner's application for the writ of

habeas corpus and should deny petitioner a certificate of appealability.

II.     **REPORT**:

A.    *Procedural History*

         1.     Petitioner Larry Thomas Sanders is a state prisoner, currently confined at the

Michigan Reformatory in Ionia, Michigan.

      2.      On December 5, 2007, petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529; and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, pursuant to his guilty plea in the Wayne County Circuit Court.  On January 4, 2008, he was sentenced to a term of 10-20 years' imprisonment on the armed robbery conviction, and to a consecutive term of two years' imprisonment on the felony-firearm conviction.

      3.      Petitioner sought leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claim:

> IT WAS ERROR TO ACCEPT A GUILTY PLEA TO FELONY FIREARM WHEN DEFENDANT DID NOT AID AND ABET IN THE POSSESSION OF THE FIREARM IN THE COMMISSION OF A FELONY.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit in the grounds presented." *People v. Sanders*, No. 289647 (Mich. Ct. App. Feb. 2, 2009).

      4.      Petitioner sought leave to appeal this issue to the Michigan Supreme Court.  The Supreme Court denied petitioner's application for leave to appeal in a standard order.  *See People v. Sanders*, 485 Mich. 863, 771 N.W.2d 774 (2009).

      5.      Petitioner subsequently filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508, raising the following claims, as set forth in his application for leave to appeal:

> I.      DEFENDANT-APPELLANT SANDERS WAS DENIED DUE PROCESS OF LAW [BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL].
>
> II.     DEFENDANT-APPELLANT SANDERS' SENTENCE IS INVALID WHERE HIS SENTENCE IS BASED ON INACCURATE INFORMATION PREJUDICIAL TO DEFENDANT-APPELLANT SANDERS.
>
> III.    DEFENDANT-APPELLANT WAS NOT ALLOWED TO CHALLENGE

2

THE INACCURACY DUE TO INEFFECTIVE ASSISTANCE OF TRIAL
COUNSEL AND/OR APPELLANT [sic] COUNSEL.

On February 18, 2010, the trial court denied petitioner's motion for relief from judgment on the

merits.  *See People v. Sanders*, No. 07-020145-01-FC (Wayne County, Mich., Cir. Ct. Feb. 18,

2010) [hereinafter "Trial Ct. op."].  The Michigan Court of Appeals and Michigan Supreme Court

denied petitioner's applications for leave to appeal in standard orders.  *See People v. Sanders*, 490

Mich. 858, 802 N.W.2d 345 (2011); *People v. Sanders*, No. 297681 (Mich. Ct. App. Dec. 28, 2010).

      6.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus

on December 2, 2011.  As grounds for the writ of habeas corpus, he raises the four claims that he

raised in the state courts.

      7.      Respondent filed an answer on June 7, 2012.  Respondent contends that petitioner's

claims are without merit.

B.     *Factual Background Underlying Petitioner's Conviction*

      Petitioner was charged in a seven-count information with armed robbery, first degree home

invasion, possession of a firearm by a felon, carrying a concealed weapon, illegal use of a financial

transaction device, and felony-firearm.  Prior to trial, the prosecution offered a plea agreement

pursuant to which petitioner would plead guilty to the armed robbery and felony-firearm counts with

a sentence agreement of 10-20 years on the armed robbery count and a consecutive 2 year term on

the felony-firearm count, in exchange for dismissal of the remaining counts and withdrawal of an

habitual offender enhancement.  *See* Plea Tr., at 3-4.  Defense counsel indicated that he had

extensively discussed the case with petitioner and his family, and that he believed the case against

petitioner was very strong in light of the victim's identification, petitioner's statement to the police,

and his use of the victim's ATM card.  *See id*. at 4-5, 8-9  However, counsel had been unable to

3

communicate with petitioner, who indicated only that he wanted the case dismissed.  *See id*. at 5-6.

However, when asked by the court if he wished to go to trial, petitioner responded, "No."  *Id*. at 7.

Petitioner explained that although he went into the house, he did not have a gun.  *See id*.  The court

explained to petitioner that his only two choices were to either accept the plea deal or proceed to

trial.  *See id*. at 9-10.  Defense counsel indicated that he explained to petitioner aiding and abetting

liability.  *See id*. at 10-11.  Petitioner indicated that he wished to think about the plea deal some

more, and the trial court prepared to adjourn the case to the following day.  *See id*. at 12.  However,

prior to the court adjourning, petitioner indicated that he wished to accept the plea deal.  *See id*. at

13-14.

　　　　After swearing-in petitioner, the court asked petitioner whether he had signed the plea form,

had read the form, and understood the form.  Petitioner indicated that he had read the form and that

he understood the plea agreement.  *See id*. at 14-15.  The court asked petitioner whether he had any

questions, and petitioner indicated that he did not.  Petitioner also denied that the court was

pressuring him into accepting the plea, and that he was pleading voluntarily.  *See id*. at 14-15.  The

court explained to petitioner each of the rights that he would have if he proceeded to trial, and that

he was waiving these rights by entering his plea.  Petitioner indicated that he understood his rights

and that he was waiving the rights by pleading guilty.  *See id*. at 16-17.  Petitioner indicated that he

wished to plead guilty, and denied that anyone had threatened him, coerced him, or promised him

anything other than what was in the plea agreement.  *See id*. at 19.  Defense counsel questioned

petitioner, establishing a factual basis for the plea.  *See id*. at 20.  The trial court accepted

petitioner's plea, finding that it was made knowingly and voluntarily.  *See id*. at 21-22.

C.　　*Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694.

5

However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409. As the Supreme Court has explained, the standard for relief under § 2254(d) "is difficult to meet, [and] that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). As the Court explained, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)). Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412). The relevant "clearly established law" is the law that existed at the time of the last

6

state court decision to issue a reasoned decision on the claim, *see Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011), and in evaluating the reasonableness of that decision a federal habeas court is limited to the record that was before the state court at the time of its decision, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.     *Validity of Plea (Claim I)*

In his first claim, petitioner contends that the trial court erred in accepting his guilty plea to felony firearm because he did not aid and abet in the possession of the firearm. Apart from his claims relating to the effectiveness of trial counsel, which are discussed below, petitioner does not contend that his plea was involuntary or unknowing. Rather, his claim regarding the validity of the plea is limited to his claim that he did not aid and abet the felony-firearm crime. Petitioner's claim is essentially one or both of two claims: (a) a claim that there was not a factual basis for his plea to the felony-firearm charge, or (b) a claim that he is actually innocent of that charge. In either event,

petitioner is not entitled to habeas relief on this claim.

"[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). "Violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable claims under § 2254." *Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991). Because the writ of habeas corpus exists only to correct errors of federal law, a state court's failure to elicit a factual basis for a guilty plea does not state a claim cognizable on habeas review. *See United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Circ. 1993) (en banc); *Willbright v. Smith*, 745 F.2d 779, 780 (2d Cir. 1984); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *Coddington v. Langley*, 202 F. Supp. 2d 687, 702 (E.D. Mich. 2002) (Tarnow, J.). Thus, the trial court's alleged failure to establish a factual basis for the felony-firearm charge provides no basis for habeas relief.

Nor is petitioner entitled to habeas relief to the extent he claims that he is actually innocent of the felony-firearm charge. As the Supreme Court has explained: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also*, *id*. at 404 (claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred *constitutional* claim considered on the merits.") (emphasis added); *Schlup v. Delo*, 513 U.S. 298, 314-16 (distinguishing, in part, *Herrera* because in this case the petitioner "accompanie[d] his claim of innocence with an assertion of constitutional error at trial."); *Townsend v. Sain*, 372 U.S. 293, 317 (1963) ("Of course, such

evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."), *overruled in part on other grounds*, *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Thus petitioner's assertion of innocence, standing alone, provides no basis for habeas relief.

Nor does petitioner's assertion of innocence after the plea was entered render involuntary his otherwise valid plea. As another court observed long ago, there are "no cases which hold that denial of guilt, under oath, subsequent to the entry of a guilty plea but prior to sentencing renders the plea involuntary as a matter of constitutional law." *Hansen v. Mathews*, 296 F. Supp. 1398, 1331 (E.D. Wis. 1969), *aff'd*, 424 F.2d 1205 (7th Cir. 1970). Although *Hansen* was decided nearly forty years ago, this observation holds true today. It is well established that "factual guilt or innocence . . . is irrelevant to the question of whether [a defendant's] plea was voluntary." *United States ex rel. Smith v. Johnson*, 403 F. Supp. 1381, 1397 n.28 (E.D. Pa. 1975), *aff'd*, 538 F.2d 322 (3d Cir. 1976); *see also*, *Stewart v. Peters*, 958 F.2d 1379, 1385 (7th Cir. 1992) ("A guilty plea is no more involuntary because the defendant believes he is innocent than the settlement of a civil lawsuit is involuntary because the defendant refuses to admit liability and may believe in all sincerity that he is not liable in the least."). Indeed, the Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). "Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, a fortiori a court is not required to permit withdrawal of that plea merely because a defendant belatedly asserts his innocence." *Gunn v. Kuhlman*, 479 F. Supp. 338, 344 (S.D.N.Y. 1979) (footnotes omitted). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his first

9

claim.

E.      *Sentencing (Claim III)*

In his third habeas claim, petitioner contends that he was sentenced on the basis of inaccurate information.  Specifically, he contends that the guidelines were misscored on the assumption that he was a fourth habitual offender, which was incorrect.  This claim is without merit.

In *Townsend v. Burke*, 334 U.S. 736 (1948), and *United States v. Tucker*, 404 U.S. 443 (1972), "the United States Supreme Court invalidated defendants' sentences because they were imposed by trial courts in reliance upon material false assumptions of fact."  *Eutzy v. Dugger*, 746 F. Supp. 1492, 1504 (N.D. Fla. 1989) (discussing *Townsend* and *Tucker*); *accord Stewart v. Peters*, 878 F. Supp. 1139, 1144 (N.D. Ill. 1995) (same).  *See generally*, *Tucker*, 404 U.S. at 448-49; *Townsend*, 334 U.S. at 740-41.  It is well established, however, that a *Tucker* violation arises only where the improper information  "actually served as the basis for the sentence."  *United States v. Jones*, 40 Fed. Appx. 15, 17 (6th Cir. 2002) (internal quotation omitted); *see also*, *Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003); *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir. 1985).  "A sentencing court demonstrates reliance on misinformation when the court gives 'explicit attention' to it, 'found[s]' its sentence 'at least in part' on it, or gives 'specific consideration' to the information before imposing sentence."  *Lechner*, 341 F.3d at 639 (quoting *Tucker*, 404 U.S. at 444, 447).  Thus, to be entitled to habeas relief on this claim  petitioner "must show that the sentencing court actually relied on this information and that it was materially false."  *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1074 (E.D. Mich. 2000) (Gadola, J.).

Here, petitioner cannot show that the trial court actually relied on any materially false information in imposing petitioner's sentence.  Petitioner agreed to a specific sentence in entering

10

2:11-cv-15292-PDB-PJK   Doc # 8   Filed 03/15/13   Pg 11 of 22   Pg ID 291

his plea, and he was sentenced according to that agreement.  As the trial court observed, "defendant was sentenced pursuant to a sentencing agreement; his was not a guidelines sentence therefore the guidelines do not affect his sentence."  Trial Ct. op., at 3.  As I have previously explained:

> Because petitioner agreed to a particular sentence as part of his plea agreement, any scoring of the guidelines was irrelevant to petitioner's sentence and any inaccurate information in the presentence report did not form a basis for his sentence.  Rather, his sentence arose from the plea agreement, and not from any determinations regarding sentencing factors.  *Cf. United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005) (alleged *Booker* error in court scoring sentencing guidelines was irrelevant where defendant agreed to specific sentence, and thus his sentence arose from the plea itself and not the guidelines); *Dorie v. Phillips*, No. 1:07-cv-1195, 2010 WL 1258234, at *7 (W.D. Mich. Mar. 8, 2010) (where petitioner agreed to applicable guideline range as part of plea agreement, counsel was not ineffective in failing to object to scoring of the guidelines), *magistrate's report adopted*, 2010 WL 1258233 (W.D. Mich. Mar. 30, 2010).

*Watkins v. Scutt*, No. 5:09-CV-11285, at *6 (June 11, 2010) (Komives, M.J.), *magistrate judge's report and recommendation adopted*, 2010 WL 2870058 (E.D. Mich. July 21, 2010) (O'Meara, J.). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.    *Ineffective Assistance of Counsel (Claims II & IV)*

Finally, petitioner raises several claims that he received ineffective assistance of counsel. Specifically, he contends that trial counsel was ineffective for failing to investigate the sentencing information (in particular, whether he was a fourth habitual offender) and for pressuring him to enter into the plea agreement, and for failing to challenge the scoring of the sentencing guidelines. Petitioner also claims that his appellate counsel was ineffective for failing to file a motion to withdraw his plea or an application for leave to appeal (as opposed to a delayed application for leave to appeal, which counsel did file), both of which deprived him of his opportunity to challenge the inaccurate information in the presentence report.  The Court should conclude that petitioner is not entitled to habeas relief on these claims.

11

1.     *Clearly Established Law*

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense.  *Id*. at 687.  These two components are mixed  questions of law and fact.  *Id*. at 698.  Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."  *Id.* at 697.  If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."  *Id.*  With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).  "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).  "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id*. at 690.  With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  *Id*. at 695.  It is petitioner's burden to establish the elements of his ineffective assistance of counsel claim.  *See United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v.*

12

*Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same).

As the Supreme Court has recently explained, *Strickland* establishes a high burden that is difficult to meet, made more so when the deference required by § 2254(d)(1) is applied to review a state court's application of *Strickland*:

> "Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ----, ----, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S.Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id*., at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.
>
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id*., at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ----, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ----, 129 S.Ct. at 1420 . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

The Sixth Amendment right to counsel extends to the plea bargaining process, and thus "[d]uring plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (quoting *McMann v. Richardson*, 397 U.S.

759, 771 (1970)) "'[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.'" *Id*. (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)); *see also*, *Missouri v. Frye*, 132 U.S. 1399, 1406 (2012). "[W]hen evaluating [a] petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, . . . the petitioner [is required] to show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" *Id*. at 1384-85 (quoting *Hill*, 474 U.S. at 59).

With respect to appellate counsel, it is well established that "appellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, . . . it is difficult to demonstrate that counsel was incompetent." *Id*. As a general rule, it is "'only when ignored issues are clearly stronger than those presented [that] the presumption of effective assistance of counsel [can] be overcome.'" *Id*. (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Further, in the appellate counsel context, to demonstrate prejudice petitioner must show a reasonable probability that his claims would have succeeded on appeal. *See id*. at 285-86; *Benning v. Warden*, 345 Fed. Appx. 149, 155-56 (6th Cir. 2009); *McCleese v. United States*, 75 F.3d 1174, 1180 (7th Cir. 1996).

    2.    *Analysis*

### *a. Advice to Enter Plea*

Petitioner contends that trial counsel was ineffective because counsel's advice to enter into a plea was based on counsel's belief that petitioner was a fourth habitual offender. The trial court

rejected this claim, explaining:

> While it is true that the defense counsel erred when he told the court the defendant was a fourth habitual offender the error was corrected by the court and the defendant was not prejudiced by the error because he was not sentenced as a habitual offender. The defendant cannot show that his trial attorney was ineffective because his advice regarding the defendant's chances at trial was a reasonable assessment given the fact that the defendant had made an inculpatory statement to police that would be used at trial. An accurate assessment of the facts and law is not ineffective assistance of counsel just because a defendant fears the possible outcome of a trial and decides to plead guilty. The defendant benefited [sic] from his counsel's negotiations with the prosecutor to have several charges and an enhanced sentence notice dismissed.

Trial Ct. op., at 2-3. This determination was reasonable.

A review of the plea transcript shows that counsel's advice to plead guilty was based on two factors: the strength of the case against petitioner, which made acquittal at trial highly unlikely, and the potential sentence that petitioner faced if convicted after trial. *See* Plea Tr., at 5 (counsel explaining the evidence against petitioner and his belief that petitioner's "chances of being convicted are extremely high."); *id*. at 6 ("I have expressed to him that I don't think it would be in his best interest to go to trial given the fact that there is giving him a deal at the low end of the guidelines save a year, dismissing the habitual which exposed him to life, if I'm not mistaken."); *id*. at 8 (again explaining the evidence against petitioner). Petitioner has offered nothing to show that counsel's assessment of the evidence against him was in any way mistaken. As counsel observed, the evidence included petitioner's own statement to the police, the victim's testimony and identification of petitioner, petitioner and his codefendant having been pulled over in a car together during which a gun was found, and petitioner using the victim's ATM card. This evidence created a high probability, if not a near certainty, that petitioner would be convicted after trial. Nor can petitioner show that counsel's assessment of the sentencing consequences petitioner faced was erroneous. It

15

is true that counsel was mistaken in his belief that petitioner would be a fourth habitual offender if convicted.  It is also true, however, that even without a fourth habitual offender enhancement petitioner faced a potential sentence of life imprisonment if convicted of armed robbery after trial. *See* MICH. COMP. LAWS § 750.529.  It is also undisputed that, had petitioner been convicted, he would have faced sentencing as a second habitual offender, which would at a minimum have required a 25% increase in the minimum sentence determined by the sentencing guidelines.  *See* MICH. COMP. LAWS § 771.21(3)(a).  And the prosecutor indicated at the plea hearing that if petitioner were convicted after trial, she would seek a sentence at the top of the guidelines range, rather than the agreed upon sentence, which was near the bottom of the range.  *See* Plea Tr., at 13.

Even though counsel was mistaken about petitioner being subject to a fourth habitual offender enhancement, there was no flaw in his assessment of the strength of the prosecution's case or in his conclusion that petitioner faced a substantially more severe sentence if he proceeded to trial.  And in light of these factors, counsel's advice to accept the prosecutor's plea offer was not deficient.  *See Taylor v. Berghuis*, No. 2:09-CV-10968, 2010 WL 2555083, at *8 (May 21, 2010) (Komives, M.J.), *magistrate judge's report and recommendation adopted*, 2010 WL 2555085 (E.D. Mich. June 22, 2010) (Zatkoff, J.); *see also, Luyanda v. United States*, No. 95-2615, 1996 WL 85012, at *1 (2d Cir. Feb. 28, 1996) ("Counsel's advice to plead guilty and thereby avoid exposure to a life sentence was anything but ineffective."); *Cox v. Lockhart*, 970 F.2d 448, 455-56 (8th Cir. 1992) ("All things considered, advising appellant Cox to accept the plea, rather than risk the death penalty or life without parole, appears to have been a reasonable strategy amounting to reasonably competent advice."); *Johnson v. United States*, 267 F.2d 813, 814-15 (9th Cir. 1959).

Nor can petitioner establish that counsel coerced him into pleading guilty.  At the plea

16

hearing, petitioner expressly stated that it was his decision to plead guilty, and denied that any one

had coerced him.  *See* Plea Tr., at 18-19.  These statements "carry a strong presumption of verity."

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong

presumption of verity.  The subsequent presentation of conclusory allegations unsupported by

specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly

incredible.").  As a number of Judges of this Court have observed:

> When a petitioner brings a federal habeas petition challenging his plea of
> guilty (or no contest), the state generally satisfies its burden by producing a transcript
> of the state court proceedings showing that the plea was made voluntarily. The
> factual findings of a state court that the guilty plea was properly made are generally
> accorded a presumption of correctness. Petitioner must overcome a heavy burden if
> the federal court is to overturn these findings by the state court. . . . Additionally, a
> habeas petitioner bears a heavy burden of rebutting the presumption that his or her
> guilty plea, as evidenced by the plea colloquy, is valid.

*Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005) (Gadola, J.) (citations

omitted); *accord Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 651-52 (E.D. Mich. 2002) (Friedman,

J.); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002) (Cleland, J.); *Holtgreive v.

Curtis*, 174 F. Supp. 2d 572, 586 (E.D. Mich. 2001) (Hood, J.); *Myers v. Straub*, 159 F. Supp. 2d

621, 626 (E.D. Mich.2001) (Steeh, J.).  In short where, as here, "the court has scrupulously followed

the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (internal quotation omitted).

Generally, a plea is valid if it "represents a voluntary and intelligent choice among

alternative courses of action open to the defendant."  *North Carolina v. Alford*, 400 U.S. 25, 31

(1970).  The question is "not whether the defendant's decision reflected a wholly unrestrained will,

but rather whether it constituted a deliberate, intelligent choice between available alternatives."

*Rosado v. Civiletti*, 621 F.2d 1179, 1191 (2d Cir. 1980) (citing *Alford*).  As noted above counsel

17

merely advised petitioner to enter the plea based on counsel's assessment of petitioner's chances of securing a favorable result at trial. "[D]efense counsel's blunt rendering of an honest but negative assessment of [petitioner's] chances at trial, combined with advice to enter the plea," does not "constitute improper behavior or coercion that would suffice to invalidate a plea." *United States v. Juncal*, 245 F.3d 166, 172 (2d Cir. 2001); *see also*, *Lunz v. Henderson*, 533 F.2d 1322, 1327 (2d Cir. 1976) ("Advice–even strong urging by those who have an accused's welfare at heart, based on the strength of the State's case and the weaknesses of the defense, does not constitute undue coercion."); *Holtgrieve v. Curtis*, 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001) (Hood, J.). It is understandable that petitioner felt somewhat pressured by the fact that he was facing a potential life sentence, and by the circumstances of the crime for which he was charged. However, "'distress' and 'nervousness' are the characteristics of most persons facing immediate trial under a criminal prosecution. To accept such a normal emotional reaction as a ground to vitiate a plea entered only after extensive questioning of a defendant to assure its constitutional validity, would make a shambles of the guilty plea procedure." *Fluitt v. Superintendent, Green Haven Correctional Facility*, 480 F. Supp. 81, 86 (S.D.N.Y. 1979). It is further understandable that petitioner may have felt pressured by both counsel and his family to accept the plea deal. "It is . . . commonplace that a defendant will feel 'coerced' in the lay sense of the word by an attorney's recommendation to plead guilty rather than proceed to trial. Such recommendations often come with predictions of almost inevitable conviction at trial followed by a long jail sentence. A feeling of duress is hardly an unusual outcome of such deliberations." *Juncal*, 245 F.3d at 174. However, petitioner has not shown pressure to such an extent that his will was overborne or he was unable to rationally weigh the options facing him, a conclusion buttressed by the fact, noted above, that petitioner twice stated

18

that his plea was voluntary and that he was not coerced.  *See Williams*, 945 F.2d at 933.

Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### b.  Failure to Challenge Presentence Report

Petitioner also contends that trial counsel was ineffective for failing to challenge the

presentence report, and that appellate counsel was ineffective for failing to file a motion to withdraw

the plea, which would have permitted petitioner to challenge the calculation of the sentencing

guidelines.  As explained above, however, petitioner's sentence was in no way dependent upon the

scoring of the sentencing guidelines.  Petitioner agreed to a specific term of imprisonment as part

of the plea agreement, and he was sentenced to that agreed-upon term of imprisonment.  Thus,

petitioner cannot show he was prejudiced by trial or appellate counsel's failure to challenge the

scoring of the guidelines.  *See Dorie v. Phillips*, No. 1:07-cv-1195, 2010 WL 1258234, at *7 (W.D.

Mich. Mar. 8, 2010) (where petitioner agreed to applicable guideline range as part of plea

agreement, counsel was not ineffective in failing to object to scoring of the guidelines), *magistrate's

report adopted*, 2010 WL 1258233 (W.D. Mich. Mar. 30, 2010); *cf. United States v. Cieslowski*, 410

F.3d 353, 364 (7th Cir. 2005) (alleged *Booker* error in court scoring sentencing guidelines was

irrelevant where defendant agreed to specific sentence, and thus his sentence arose from the plea

itself and not the guidelines).  Accordingly, the Court should conclude that petitioner is not entitled

to habeas relief on this claim.

### G.    *Recommendation Regarding Certificate of Appealability*

#### 1.    *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides

that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge

issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1).  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable."  *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks § 2253(c)(3)'s requirement that any grant of a

certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments.  In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

    2.    *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability.  Because it is clear that neither the lack of a factual basis for a plea nor a petitioner's assertion of innocence provides a cognizable ground for habeas relief, the resolution of petitioner's first claim is not reasonably debatable.  With respect to petitioner's sentencing claim, because his sentence was based solely upon his plea agreement and not upon any guidelines calculation, petitioner cannot show that his sentence was based on inaccurate information.  Thus, the resolution of petitioner's third claim is not reasonably debatable.  And it follows that the resolution of petitioner's related ineffective assistance of counsel claim is not reasonably debatable.  Finally, because counsel made an accurate assessment of the evidence against petitioner and the risks of proceeding to trial, it is not reasonably debatable that counsel performed effectively in advising petitioner to plead guilty.  Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

H.    *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of

petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.  If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: <u>March 15, 2013</u>            <u> S/Paul J. Komives                                </u>
                                        Paul J. Komives
                                        United States District Judge

22